OPINION
{¶ 1} The defendant-appellant, James Whorley ("Whorley"), appeals the judgment of the Auglaize County Common Pleas Court sentencing him to consecutive sentences.
 {¶ 2} On February 1, 2002, the Auglaize County Grand Jury filed a seven count indictment against Whorley. The indictment charged Whorley as follows: Count One, theft, a violation of R.C.2913.02(A)(3), a felony of the fifth degree; Counts Two, Three, Four, and Five, theft, violations of R.C. 2913.02(A)(1), felonies of the fifth degree; and Counts Six and Seven, breaking and entering, violations of R.C. 2911.13(A), felonies of the fifth degree. On January 15, 2003, Whorley pled guilty to Counts Two, Three, and Four, and the State of Ohio ("State") dismissed the remaining charges. On March 10, 2003, the trial court sentenced Whorley to five years of community control sanctions.
 {¶ 3} On November 22, 2005, Whorley pled guilty to violating the terms of his community control sanctions.[1] As a result of his conviction for violating community control sanctions, the trial court imposed three, consecutive twelve month prison terms, an aggregate sentence of 36 months, on Counts Two, Three, and Four. Whorley appeals the trial court's judgment and asserts the following assignment of error:
The trial court abused its discretion in sentencing thedefendant-appellant to the maximum sentence allowed by law and inordering the sentences to be run consecutively to each other.
 {¶ 4} In the sole assignment of error, Whorley contends the trial court abused its discretion by sentencing him to maximum and consecutive sentences. Whorley acknowledges that at the time of sentencing, the trial court was required to make certain findings under R.C. 2929.14(B) and (E)(4) prior to imposing maximum and consecutive sentences. However, while his appeal was pending, the Ohio Supreme Court decided State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Although Whorley mistakenly argues the trial court abused its discretion, he essentially contends that the trial court's judgment should be reversed in light of Foster because R.C. 2929.14(B) and (E) are unconstitutional.
 {¶ 5} In Foster, the court found R.C. 2929.14(B) and (E)(4) unconstitutional because the statutes require trial courts to make findings based on facts that have not been determined by a jury or were not admitted by the defendant. Foster, supra at paragraphs 1 and 3 of the syllabus (citing Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435;Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403). Because the Supreme Court found R.C. 2929.14(B) and (E)(4) unconstitutional, it determined that those sentences imposed in pending cases and cases on direct appeal are void and must be remanded to the trial courts. Id. at ¶¶ 103-104. Therefore, we are required to vacate Whorley's sentence and remand this cause to the trial court for additional proceedings.
 {¶ 6} The sentence of the Auglaize County Common Pleas Court is vacated, and this cause is remanded for further proceedings.
Sentence vacated and cause remanded.
 Rogers and Shaw, JJ., concur.
[1] Whorley violated the terms of his community control sanctions by committing felonious acts, for which he was sentenced to prison.